IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAMES A. LUCAS,

        Plaintiff,

v.                             CIVIL ACTION NO.  2:17-cv-03144

DAVID BALLARD, Warden, MOCC,
JIM RUBENSTEIN, DOC Commissioner,
and JEFF SANDY, Secretary, D-MAPS,

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to a Standing Order (ECF No. 3), this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

The plaintiff, James Lucas, is an inmate at Mount Olive Correctional Complex ("MOCC"). On June 2, 2017, the plaintiff filed this action alleging that: (1) MOCC's grievance process is inadequate, and (2) he was being retaliated against in various ways for utilizing MOCC's grievance process and filing a civil action against MOCC in violation of the First Amendment. (ECF No. 1 at 4-10). On June 16, 2017, the plaintiff filed a Motion to Amend Complaint. (ECF No. 4). The plaintiff treats the Motion itself as the amendment, in that the plaintiff did not submit a new complaint, but instead listed "corrections" to the original complaint, additional factual allegations referred to as

"updates," and "clarifications" in the Motion. (*Id.* at 1–4). On March 6, 2018, the plaintiff filed an "Addendum" to the Complaint which contained additional factual allegations. (ECF No. 5). In sum, the Complaint, the Motion to Amend, and the Addendum each have various bits of information that the plaintiff wants in his Complaint.

On March 21, 2018, the undersigned entered a Memorandum Opinion and Order finding that the plaintiff failed to state a claim upon which relief can be granted concerning his general issues with MOCC's grievance process. (ECF No. 6 at 3-4). The court also held that "[a]lthough the Complaint contains scant factual allegations concerning adverse action taken against the plaintiff himself, the undersigned **FINDS** that, upon amendment thereof as addressed herein, the plaintiff may be able to state sufficient facts to support a plausible First Amendment retaliation claim, such that this matter should proceed thereon." (*Id.* at 6).

The court, however, found that the Complaint and motion to amend were "not in a format that addresses the plaintiff's First Amendment claim either chronologically or by defendant." (*Id.* at 8–9). Thus, the undersigned advised the plaintiff that "the Complaint's format, and the plaintiff's attempts to add additional allegations in piecemeal, makes it difficult for the Court and any potential defendants to ascertain their specific conduct that the plaintiff believes to be unlawful, and thus, it will be difficult for any particular defendant to respond thereto." (*Id.* at 9). Accordingly, the court denied the plaintiff's motion to amend, but

> **ORDERED** that, by April 11, 2018, the plaintiff may file an Amended Complaint, which shall identify, to the best of the plaintiff's information and belief, each individual the plaintiff seeks to name as a defendant. The plaintiff must also state specific factual allegations about each defendant's

2

> actions or omissions, and allege, with some degree of particularity, how each named defendant was involved in the alleged deprivation of his rights.
>
> Pursuant to Rule 10 of the Federal Rules of Civil Procedure, the plaintiff should state his claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances" and each type of claim should be set out in a separate count, to promote clarity. Fed. R. Civ. P. 10. The plaintiff is hereby **NOTIFIED** that it will be insufficient for him to simply refer to his prior Complaint, or additional documents previously filed, or to incorporate the same by reference in the Amended Complaint.
>
> The Amended Complaint will supersede the original Complaint, and there must be one integrated document that will provide the defendants with notice of the claims and allegations against them. The plaintiff is further **NOTIFIED** that <u>the failure to file an Amended Complaint as set forth herein may result in a recommendation that the initial Complaint be dismissed for failure to state a claim upon which relief can be granted and/or for failure to prosecute under Rule 41 of the Federal Rules of Civil Procedure</u>.

(*Id.* at 9–10) (emphasis added). As emphasized above, the undersigned's Memorandum Opinion and Order further notified the plaintiff that the failure to file an Amended Complaint as ordered may result in a recommendation that the initial Complaint be dismissed for failure to state a claim upon which relief can be granted and/or failure to prosecute under Rule 41 of the Federal Rules of Civil Procedure. (*Id.* at 10).

On April 4, 2018, the plaintiff filed a "Notice of Intent." (ECF No. 7). In his notice, the plaintiff states "[i]f the court wants an 'amendment' that follows 'pleading requirements' and in a format that closely resembles the civil procedure rules, he needs to appoint a lawyer to help petitioner accomplish that end." (*Id.* at 2). According to the plaintiff, he

> feels certain that his petition, even though it does not comply (and is not *required* to comply) with pleading requirements[] under the Federal rules of Civil Procedure, and *may be presented in a little more direct manner than the system likes to hear*, it is clear enough that an average person with an average education and an average amount of common sense should

3

experience very little puzzlement toward Petitioner's intent, so the Court's order to Amend is rejected

* * *

If the Court insists on tap-dancing around the prison corruption, that is on the Court.

Petitioner will not excuse the matter but feels he has wasted all the time he can spare on the retaliation issue and leave the Court to do what it things is the right thing to do.

(*Id.* at 3).

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). In determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

4

The defendants have not been served with process in this matter because the plaintiff has not paid the applicable filing fee, filed the appropriate paperwork to enable the court to determine whether he may proceed *in forma pauperis*, or filed an Amended Complaint as directed by the court. Thus, the delay in the progress of this matter is entirely on the plaintiff and dismissal without prejudice appears to be the appropriate result. The plaintiff was notified of this potential recommendation for his failure to act in accordance with the court's order. Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that the plaintiff failed to comply with the undersigned's Order to file an Amended Complaint and that dismissal under Rule 41(b) is appropriate.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter, without prejudice, for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District

Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

August 21, 2018

Dwane L. Tinsley
United States Magistrate Judge

6