IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAMES A. LUCAS,

        Plaintiff,

v.                                                CIVIL ACTION NO. 2:17-cv-03144

DAVID BALLARD, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

I.    Introduction

This action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On August 21, 2018, Judge Tinsley submitted his Proposed Findings and Recommendation [ECF No. 8] ("PF&R"), recommending the court dismiss this matter, without prejudice, for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. On September 6, 2018, the plaintiff timely submitted his objections to the PF&R [ECF No. 9]. For the following reasons, the court **OVERRULES** the plaintiff's objections, **ADOPTS IN PART** and **REJECTS IN PART** the PF&R, and **DISMISSES with prejudice** the plaintiff's Complaint [ECF No. 1] for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## II. Procedural History

Because the plaintiff makes no objections to the PF&R's procedural history, the court **ADOPTS** the procedural history as set forth in the PF&R in full.

## III. Legal Standard

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the report de novo, this court will consider the fact that the plaintiff is acting pro se, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## IV. Discussion

Initially, the court notes that the plaintiff is a prolific filer in this court. It is becoming apparent to the court that his filings are almost uniformly frivolous. I will address this case on the merits but will view his future appearances with great care.

The Magistrate Judge recommended the court dismiss this matter without prejudice for the plaintiff's failure to prosecute. Further, the Magistrate Judge recommended the court find that the plaintiff failed to comply with the Magistrate Judge's Order to file an Amended Complaint. The plaintiff objects to the recommendation of dismissal for failure to prosecute, contending that he was not personally responsible for the delay in the progress of the matter.

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). In determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of the plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. July 22, 1997).

Here, the Magistrate Judge ordered the plaintiff to file an Amended Complaint because the plaintiff's original Complaint and additional filings were not formatted in a way that the court or potential defendants could ascertain specific conduct that the plaintiff believed was unlawful. Mem. Op. and Order [ECF No. 6], at 8–9. In ordering the plaintiff to file an Amended Complaint, the Magistrate Judge notified the plaintiff that the failure to file an Amended Complaint "may result in a recommendation that the initial Complaint be dismissed for failure to state a claim upon which relief can be granted and/or failure to prosecute under Rule 41 of the Federal Rules of Civil Procedure." *Id.* at 10. In response, the plaintiff filed a "Notice of Intent" in which he stated that "the Court's order to Amend is rejected." Resp. Mem. Op. and Order [ECF No. 7], at 3. The plaintiff noted in his objections to the PF&R that he continues to reject the Magistrate Judge's Order to file an Amended Complaint.

The plaintiff has not merely ignored the Magistrate Judge's warning; he has "rejected" outright the Magistrate Judge's Order. As such, the plaintiff simply cannot argue that the delay in the progress of this matter "is not on the Petitioner." Moreover, the court need not rigidly apply the *Davis* factors given that the Magistrate Judge notified the plaintiff that his failure to comply with the Magistrate Judge's Order to file an Amended Complaint could result in the dismissal of his claim. Accordingly, a dismissal for failure to prosecute is proper under Rule 41(b).

V.  Conclusion

The court **OVERRULES** the plaintiff's objections [ECF No. 9], **ADOPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's PF&R [ECF No. 8], and **DISMISSES with prejudice** the plaintiff's Complaint [ECF No. 1] for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record, any unrepresented party, and the Magistrate Judge.

ENTER: October 18, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE